IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION
CIVIL ACTION NUMBER: 3:08-CV-19-JFA

| | |
|---|---|
| Cynthia Ann C. Thompson, as Personal Representative of the Estate of Grover Lloyd Crider, Sr.,<br><br>Plaintiff<br><br>vs.<br><br>United States of America,<br><br>Defendant. | PETITION FOR APPROVAL OF SETTLEMENT |

Cynthia Ann C. Thompson, as Personal Representative of the Estate of Grover Lloyd Crider, Sr, hereby petitions this Court, pursuant to *S.C. Code §§15-51-41, 14-41-42* and *62-5-433* for approval of a settlement involving wrongful death and survival claims against the above captioned Defendant, as follows:

1. Cynthia Ann C. Thompson is the duly appointed Personal Representative of the Estate of Grover Lloyd Crider, Sr., her late father, having been appointed in the Probate Court of Orangeburg County on April 7, 2006.

2. Cynthia Ann C. Thompson, as Personal Representative of the Estate of Grover Lloyd Crider, Sr. filed a Summons and Complaint on January 3, 2008, against the United States of America asserting claims of wrongful death and survivorship arising out of the death of her father, Grover Lloyd Crider, Sr., which occurred on government property at the William Jennings Bryan Dorn Veteran's Memorial Hospital. Defendant, United States of America is liable under the *Federal Tort Claims Act, 42 U.S.C. §233*, for negligent acts and/or omissions by agents and/or employees of William Jennings Bryan Dorn Veteran's Memorial Hospital.

3.  The lawsuit asserted that Mr. Crider, while being observed and monitored following a minor automobile accident and suspected seizure, fell once from his stretcher and once again in the restroom, resulting in a major brain injury and his death on November 4, 2004, after being transferred to Lexington Medical Center for surgery.

4.  Defendant United States of America is self-insured and is liable to the Estate pursuant to provisions of the *Federal Tort Claims Act*.

5.  Grover Lloyd Crider, Sr. died testate. Under South Carolina statutory law, the net proceeds of the wrongful death would be distributed 50% to Marie W. Crider, the wife, with the four (4) children dividing the remaining 50%, while, pursuant to the terms of the will, the children would share equally in the net survivorship claim. However, the Court is informed that the surviving spouse, Marie W. Crider, has filed appropriate documentation with the Probate Court in Orangeburg County waiving her right to 50% of the wrongful death proceeds and agreeing to share equally in the survivorship proceeds. Thus, the net proceeds of this settlement are to be divided equally among the widow and two sons and two daughters. All the beneficiaries/heirs are also in agreement that Cynthia Ann C. Thompson, the Personal Representative, should receive $10,000.00 for her services as Personal Representative.

6.  This matter was mediated by the parties on October 5, 2009. Both Cynthia C. Thompson, Personal Representative of the Estate, Cassandra C. Gates, one of the decedent's daughters, and Marie W. Crider, the decedent's surviving spouse attended and participated in the mediation.

7.  As a result of the mediation, the parties in this action have reached a proposed settlement, subject to the approval of this Court, providing for the payment of

the sum of Three Hundred Fifty Thousand and no/100ths Dollars ($350,000.00) to the Plaintiff by the Defendant. The Personal Representative seeks Court approval for the settlement, asserting that the proposed settlement is in the best interest of the wrongful death heirs and statutory beneficiaries and survival heirs.

8. Plaintiff retained as counsel, Diane M. Rodriguez of The Bryan Law Firm in Sumter, South Carolina. Plaintiff seeks approval of attorneys' fees of 25% of the gross settlement pursuant to the provisions of the *Federal Tort Claims Act*, which amounts to attorneys' fees in the amount of Eighty Seven Thousand Five Hundred and 00/100ths Dollars ($87,500.00).

9. The fee agreement between Plaintiff and counsel further provides that counsel be reimbursed for all expenses incurred in the course of this representation. Plaintiff seeks Court approval for reimbursement of Plaintiff counsel's expenses in the amount of Thirty Eight Thousand Seven Hundred Forty and 13/100ths Dollars ($38,740.13) (see attached print out).

10. Plaintiff seeks Court approval for the allocation between wrongful death and survival claims. Plaintiff proposes that Three Hundred Thirty Five and 00/100th Dollars ($335,000.00) be allocated to the wrongful death action and that Fifteen Thousand and 00/100ths Dollars ($15,000.00) be allocated to the survival action. It is requested that all sums be deposited in and disbursed from the attorney's trust account pursuant to the provisions hereof.

11. From the $15,000.00 allocated to the survivorship account, Petitioner requests that sufficient sums be escrowed with her attorneys to pay the subrogation liens/claims of Medicare ($2,878.00) and Ingenix ($1,677.77); and that these liens be

paid as reduced by negotiation or in full if no reduction(s) is accomplished, with any surplus to be divided equally to the beneficiaries/heirs. Additionally, it is requested that Petitioner's attorneys be directed to pay the Personal Representative fee of $10,000.00 from this allocation. It is requested that any balance from the $15,000.00 be paid to the Estate, to be distributed pursuant to S. C. law.

12.    Petitioner requests that all of the net settlement proceeds from the wrongful death claim, after payment of attorney's fees and costs, will be distributed equally to the heirs/beneficiaries as set forth above.

13.    Petitioner requests authority to execute appropriate releases and all other associated documents necessary to consummate the settlement and dismiss the pending matter with prejudice.

WHEREFORE, Plaintiff prays unto the Court for the following relief:

A.    Approval of the settlement as set forth in the Petition;

B.    Approval of the attorneys' fees and costs as set forth in this Petition;

C.    Approval of the allocation for distribution and actual distribution as set forth above; and

D.    Authorization to execute appropriate releases, and other documents necessary to consummate the settlement described herein.

November 4, 2009_____, 2009.

_____
Cynthia Ann C. Thompson, as
Personal Representative of the Estate of
Grover Lloyd Crider, Sr.

We approve of and request the distribution as set forth in this Petition for Approval of Settlement.

_Marie W. Crider_
Marie W. Crider

_11-4-2009_
Date

_Cassandra C. Gates_
Cassandra C. Gates

_11-4-09_
Date

_Grover Crider, Jr._
Grover Crider, Jr.

_11-4-2009_
Date

_Steven D. Crider_
Steven D. Crider

_11-4-2009_
Date

Certificate of Counsel:

I hereby certify that in my opinion the above-referenced settlement is fair and reasonable and in the best interests of the statutory beneficiaries and the estate of the decedent.

November __4__, 2009

_Diane M. Rodriguez_
Diane M. Rodriguez
Fed ID #5185
Bryan Law Firm
PO Box 2038
Sumter, SC 29151
drodriguez@bryanlaw.com
Attorney for the Plaintiff

STATE OF SOUTH CAROLINA

COUNTY OF ~~Lexington~~

VERIFICATION

Cynthia Ann C. Thompson, being duly sworn, deposes and states as follows:

1. I am the duly appointed Personal Representative of the Estate of Grover Lloyd Crider, Sr.

2. I have read the foregoing Petition and, to my personal knowledge, it is truthful and accurate.

*[signature]*
Cynthia Ann C. Thompson, as Personal
Representative of the Estate of
Grover Lloyd Crider, Sr.

SWORN TO BEFORE ME THIS
4th Day of November, 2009

*[signature]* Vanessa C. Pinckney (L.S.)
Notary Public for South Carolina

My Commission Expires: 11-21-2016

s:\shared\medmal\crider grover\settlement\petition for approval 11-2-09.doc