IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Cynthia Ann C. Thompson, As Personal Representative of the Estate of Grover Lloyd Crider, Sr., | ) ) ) ) | C/A No. 3:08-19-JFA |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| United States of America, | ) ) | |
| Defendant. | ) ) ) | |

      The captioned action comes before the Court, pursuant to S.C. Code Ann. §§ 15-51-41, 15-51-42 and 65-5-433 for approval of a settlement involving wrongful death and survival claims brought by Plaintiff against Defendant United States of America. This action arises out of the death of Grover Lloyd Crider, Sr. while under the care and treatment of William Jennings Bryan Dorn Veteran's Memorial Hospital. Cynthia Ann C. Thompson, as Personal Representative of the Estate of Grover Lloyd Crider, Sr. alleged that contributing factors to the death of Grover Lloyd Crider, Sr. include the failure of the medical staff of William Jennings Bryan Dorn Veteran's Memorial Hospital to properly monitored and observe Mr. Crider following a minor automobile accident and suspected seizure activity.

      The Court is informed that the parties in the above-captioned matter have participated in mediation of the matter and have negotiated a proposed settlement with the payment by Defendant to Plaintiff of Three Hundred Fifty and 00/100ths Dollars ($350,000.00) and the execution by Plaintiff of a full and final release. This proposed settlement is subject to approval by this Court.

The Decedent, Grover Lloyd Crider, Sr., is survived by his wife, Marie W. Crider, daughters, Cynthia Ann C. Thompson and Cassandra C. Gates, and his sons, Grover L. Crider, Jr., and Steven D. Crider. Mr. Crider died testate. Under South Carolina statutory law, the net proceeds of the wrongful death would be distributed 50% to Marie W. Crider, the wife, with the four (4) children dividing the remaining 50%, while, pursuant to the terms of the will, the children would share equally in the net survivorship claim. However, the Court is informed that the surviving spouse, Marie W. Crider, has filed appropriate documentation with the Probate Court in Orangeburg County waiving her right to 50% of the wrongful death proceeds and agreeing to share equally in the wrongful death proceeds, and conversely, the children are desirous of Marie's sharing equally in the survivorship proceeds. Thus, the net proceeds of this settlement are to be divided equally among the widow and the two sons and two daughters. All the beneficiaries/heirs are also in agreement that Cynthia C. Thompson, the Personal Representative, should receive $10,000.00 for her service as Personal Representative.

The Court has reviewed this matter in light of the best interest of the statutory beneficiaries and wrongful death heirs and approves the settlement as recommended.

Plaintiff is represented by Diane M. Rodriguez of The Bryan Law Firm of Sumter, South Carolina. Plaintiff seeks approval of a contingency fee of 25% of the gross amount received pursuant to the provisions of the Federal Tort Claims Act. This would provide attorneys' fees of Eighty Seven Thousand Five Hundred and 00/100ths ($87,500.00). The Court finds the request reasonable under the circumstances and approves the attorneys' fees as requested. The Plaintiff further seeks approval for reimbursement of costs in the amount of $38,740.13. An itemization of these costs is attached to Plaintiff's Petition for Approval of Settlement. The Court finds the costs in this action to be reasonable and approves the same.

Plaintiff additionally seeks Court approval for the allocation of settlement proceeds. Plaintiff proposes that $335,000.00 of the net settlement proceeds be allocated to the wrongful death action and $15,000.00 of the net settlement proceeds be allocated to the survival action.

Petitioner has requested that all settlement sums be deposited in her attorney's trust account and that they be distributed therefrom as follows:

The Court is further informed that Plaintiff's counsel will satisfy all valid claims filed against the Estate as well as the Medicare and Ingenix subrogation liens prior to the distribution of the net settlement proceeds.

The Court approves distribution of the settlement funds from attorneys trust account as follows:

**TOTAL** Personal Injury Settlement: $350,000.00

**ALLOCATED TO WRONGFUL DEATH:** $335,000.00

    LESS Costs (See attached list)    - 32,466.93
    LESS Attorney's Fees (25%)    - 87,500.00

SUB-TOTAL: $215,033.07

Distribution 1/5 to each beneficiary:

| | |
|---|---|
| Marie W. Crider | 43,006.62 |
| Cynthia Ann C. Thompson | 43,006.61 |
| Cassandra C. Gates | 43,006.62 |
| Grover L. Crider, Jr. | 43,006.61 |
| Steven D. Crider | 43,006.61 |

BALANCE: -0-

| | |
|---|---|
| **ALLOCATED TO SURVIVORSHIP**: | $ 15,000.00 |
| Medicare | *2,878.00 |
| Ingenix (AARP) | *1,677.77 |
| Cynthia Ann C. Thompson, as Personal Representative of the Estate of Grover Lloyd Crider, Sr. | 10,000.00 |
| Balance Remaining (placed in Estate account) | $   444.23 |

*Balance after reduction (if any) to be distributed 1/5 to each beneficiary/heir)

Finally, the Plaintiff seeks Court approval for Plaintiff and/or Plaintiff's counsel to sign appropriate releases and other documents to effectuate the settlement agreement and dismiss the pending matter with prejudice. The Court finds these requests to be reasonable and grants the Plaintiff and/or Plaintiff's counsel authority to execute said releases and documents as necessary to dismiss this action with prejudice.

The Court hereby dismisses this action with prejudice.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

December 15, 2009
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge